In the matter of the application of the MAYOR AND COUNCIL OF THE BOROUGH OF BELMAR, on the application of lands for the payment of taxes,

*v.*

THOMAS KENNEDY.

1. The only authority given to the court of chancery by virtue of section 8 of the "Act providing for the collection of taxes" (*Rev. Sup. p. 991*), is to issue its writ of assistance to put the purchaser of lands sold for the non-payment of taxes, who comes with his deed of conveyance or certificate of title, into possession.

2. Courts of law, and not of equity, are the proper tribunals for the consideration of irregular proceedings in the sale of lands for the payment of taxes.

---

On petition for writ of assistance in the matter of sale of lands for payment of taxes.

*Mr. Halsted H. Wainright,* for the petitioner.

*Mr. David J. Pancoast, contra.*

BIRD, V. C.

This petition is filed under the statute, asking the aid of this court, by way of writ of assistance, in securing to the petitioner the possession of certain lands and real estate which were purchased by the petitioner upon a sale for unpaid taxes. The statute referred to is section 8 of the Supplement of the Revision (at *p. 991*). After directing what proceedings shall be taken against delinquent taxpayers, in order to effect the sale of their lands, and what steps the purchaser shall take in perfecting his title, the statute then provides as follows:

"Then and in that case the purchaser may take the same proceedings to gain possession of such lands and premises as purchasers under decrees of foreclosure and sale of mortgaged premises."

It is not disputed but that under this provision the purchaser has authority to come into this court in order to gain possession of the lands purchased at such sale.

But the delinquent taxpayer raises numerous objections to the proceedings had by the borough authorities and the officer employed to make the sale, the sale itself and the attempted transfer of the title. It is insisted that these objections are so important or essential as to be fatal in any event to the validity of the claim of the petitioner. During the discussion, it appearing to me that these objections deserved consideration, I suggested to the counsel for the delinquent taxpayer that the proper tribunal for determining them was the court of law, and that I would not dispose of this case for a period of time named, sufficiently long to enable him to avail himself of the aid of that tribunal. It appears that no steps have been taken to settle the questions raised in the law courts.

Being of opinion that this court is without authority to review the proceedings of assessors and collectors and other officials authorized to impose and collect taxes and to enforce the pay-

ment thereof, I must refrain from considering whether the objections referred to are such as to justify me in refusing the aid asked for. Such questions have always been mooted and determined in the law courts. And the statute which authorizes the interference of this court only goes so far as to justify the application for a writ of assistance to put the purchaser into possession. This is all that the court of equity can do. In doing this, the delinquent taxpayer is not deprived of any of his legal rights. I apprehend that he can proceed by *certiorari* as well after the defendant is put in possession as before. The purchaser takes possession at his peril. He can only defend upon a title declared to be good by a tribunal authorized to pass upon it. I only decide that, since the petitioner has such deed as justifies an application to this court, the relief prayed for should be granted.